IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSHUA DORTCH,<br><br>               Plaintiff,<br><br>vs.<br><br>GLENN SHAPIRO,<br><br>               Defendant. | **8:18CV114**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on March 8, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Plaintiff brings this action against Glenn Shapiro ("Shapiro"), an attorney, alleging violations of his constitutional rights of due process and equal protection arising out of Shapiro's representation of Plaintiff in a criminal case in the District Court of Lancaster County, Nebraska. Plaintiff alleges that Shapiro, "in collusion with Prosecutor[,] waived our preliminary hearing in CR17-1248 State v. Dortch . . . knowing State had no evidence of any kind to sustain charge upon which we [were] arrested & held [on] bail." (Filing No. 1 at CM/ECF p. 1.) As a result of Shapiro's waiver of his preliminary hearing, Plaintiff alleges he was unable to pursue a plea in abatement even though the "State had no evidence whatsoever and evidence they claimed they had gleaned harvested seized illegally during unlawful traffic stop in Omaha, Nebraska as has been said in this Court many times before 17cv377 etc." (*Id*. at CM/ECF pp. 2, 7–8 (punctuation in original).) Plaintiff seeks $100,000,000 in damages as relief.

Plaintiff specifically references another action he filed in this court at Case Number 8:17CV377. The court takes judicial notice of the records in that case as well as another related case previously filed by Plaintiff at 4:17CV3130. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). An examination of the records in 4:17CV3130 shows that the state criminal action in CR17-1248 was dismissed without prejudice on January 19, 2018. (*See* Filing No. 7 at CM/ECF pp. 3–4, Case No. 4:17CV3130.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a

lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff indicates this is a "Ku Klux Klan Act of 1873 Civil Action" (filing no. 1), which, based on the conclusory allegations of the Complaint, the court construes to be an action brought under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint's allegations establish that Shapiro is a private attorney who represented Plaintiff for a period of time with respect to Plaintiff's criminal prosecution in CR17-1248. As indicated above, to succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant acted under color of state law. 42 U.S.C. § 1983; *West*, 487 U.S. 42, 49-50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id.* To state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must allege "an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right." *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) (internal citation and quotation marks omitted).

Here, Plaintiff alleges Shapiro conspired with the prosecutor to waive his preliminary hearing in violation of Plaintiff's due process and equal protection

rights. Attached to Plaintiff's Complaint are copies of several e-mails including the following relevant exchange between Plaintiff and Shapiro:

> [Plaintiff]: I'm still trying to figure out why waving [sic] my prelium [sic] was a good [sic], from my understanding your reasoning was to get my police reports []faster but here it's been 2 weeks and we still have no police reports[.] . . .
>
> [Shapiro]: "I waived [preliminary hearing] because Lincoln won't give reports if don't waive. I can't control how quickly they provide those."

([Filing No. 1 at CM/ECF p. 3](#).) These factual allegations are insufficient to create a reasonable inference that Shapiro and the prosecutor had a meeting of the minds to violate Plaintiff's constitutional rights. Rather, the emails attached to the Complaint indicate that Plaintiff and Shapiro discussed waiver of the preliminary hearing and Shapiro did so in order to obtain police reports from the prosecution more quickly. In short, Plaintiff has not stated a plausible conspiracy claim against Shapiro.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint to state a conspiracy claim against Shapiro upon which relief may be granted. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)(2)](#) after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1.      Plaintiff has until **September 12, 2018**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing

4

this case without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the normal course of business.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: **September 12, 2018**: check for amended complaint.

Dated this 13th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge
